ALBERTO BACHMAN, Petitioner and Appellant, *v.* JUAN T. PEÑAGARÍCANO, ADMINISTRATOR, ETC., Respondent and Appellee; MANUEL MARTINÓ RUIDÍAZ, Tenant-Intervener.

No. 95.    Decided December 28, 1962.

---

*Jorge Benítez Gautier* for appellant. *Nieves M. Agostini Torres, Miguel Franquiz Ventura,* and *José Iglesias La Cruz* for appellee. *Amancio Arias Cestero* for intervener.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Landlord Alberto Bachman charged his tenant Manuel Martinó Ruidíaz an overcharge of $25 per month from the year 1955 until January 1960. On September 23, 1960, the tenant, through his attorney, sent the landlord a request of reimbursement for the sum of $1,325 by way of fifty-three months of overcharge at the rate of $25 per month. Copy of the aforesaid request was sent to the Economic Stabilization Administration. Landlord Bachman offered to pay the tenant $100 as reimbursement of the overcharge collected during the year prior to the date in which an action for treble damages could be filed. This offer was rejected by the tenant and the landlord deposited the sum of $100 in the San Juan Part of the District Court on October 13, 1960.

On October 4, 1960 the Administration had notified the parties that it would hold an administrative hearing on the 18th of the same month and year, respecting the tenant's claim. At such hearing the landlord admitted that he had charged $25 per month in excess of the legal rate during the period covering the tenant's claim. However, he alleged that the Administrator lacked jurisdiction to enter an order

of reimbursement (1) because the law contemplated the issuance of a single request of reimbursement in each case, be it by the tenant or by the Administrator, and the tenant had already exercised his right in this case, (2) because the matter had been submitted to the District Court in the case of the deposit which is still pending, and (3) because at the time of issuing the second requirement, every possible action for treble damages on the part of the tenant had already prescribed.

On January 10, 1961 the Administrator sent a request for reimbursement amounting to $1,325. Feeling aggrieved the landlord filed an appeal for review in the Superior Court, San Juan Part, and on August 28, 1961 the latter rendered the following judgment:

"Since appellant admits that he charged the intervener the overcharge the reimbursement of which was required by the appellee Administrator, no practical end would be accomplished in determining whether or not the Administrator had jurisdiction to enter the order of reimbursement after the intervener had made to appellant the same requirement, since such admission would accomplish identical purpose within the judicial action that might be filed for treble damages or single reimbursement of the overcharge, as would result from the affirmance of said order: its inexpugnability to a collateral attack with a view to relitigate the admitted fact."

We issued a writ of certiorari to review the aforesaid judgment in order to clarify the contention made by the landlord on the issuance of two requirements for reimbursement, one made by the tenant and the other made by the Administrator.

"The question to be decided—the landlord states in his petition for certiorari—which was circumvented by the trial court, is whether once a tenant sets the machinery of his cause of action in motion, requiring reimbursement from his landlord, as provided by § 8(a) of the Reasonable Rents Act, and receiving from said landlord the offer of payment

which the latter deems legal, which is refused by the tenant, thereby causing a judicial deposit, he may subsequently, and together with the Economic Stabilization Administrator, put aside the aforesaid requirement and subsequent actions of the landlord as if they had never occurred and insist and obtain that the Administrator issue subsequently a second order of reimbursement for the same amount."

The landlord is wrong. In *Peñagaricano* v. *Superior Ct.; Nadal, Int.*, 81 P.R.R. 849, we stated the following at pp. 865–66:

"Section 5(*d*) authorizes the Administrator to make . . . 'such rules, . . . *orders* and determinations as he may deem necessary or proper,' in order to carry out the purpose of the Act. Apart from the fact of whether a case reaches the stage where it is necessary to resort to judicial action, it is unquestionable that in those cases where pursuant to the Act reimbursement lies, the Administrator not only has power but is compelled to enter an order of reimbursement covering any rent collected by a landlord in excess of the permissible amount, as a means of enforcing the purposes of the Act contained in paragraphs (*a*), (*b*) and (*c*) of § 8 concerning administrative restitution or reimbursement, without which previous step judicial action cannot be instituted. The specific amount to be obtained by way of treble damages does not lie within the Administrator's sphere and it is for the courts to decide it in the light of the statutory provision. Undoubtedly the courts cannot grant triple reimbursement of an overcharge paid prior to the year immediately preceding the date of the filing of the complaint, which is the correct starting point for counting said year and not the date on which the Administrator enters an order for reimbursement. As a question of fact the Administrator could not determine at the time of entering an order for reimbursement what overcharges would have prescribed in case of using judicial action, without knowing the time when such action would be filed. In the light of the foregoing the determination of the lower court modifying the orders of reimbursement so as to limit the restitution to the overcharges collected within the year immediately prior to the date of said orders was not correct according to law."

■ It is now convenient to clarify, for the purpose of avoiding an erroneous interpretation of the case of Peñagaricano, that when we stated therein that the issuance of an order for reimbursement by the Administrator was a previous indispensable step to resort to judicial action, we were limiting the doctrine to the specific facts of said case, without it being implied in any way that in all the cases in which a rent is charged in excess of the legal rate, it is indispensable for the tenant to obtain from the Administrator an order of reimbursement before resorting to the judicial claim of the overcharge. There are situations where the issuance of said order of reimbursement is indispensable, as, for example, when the rent automatically adjusts to October 1, 1942, or when the Administrator enters a provisional order increasing or fixing the maximum rent until the case is definitively decided. Section 6 of the Act. In *Vargas* v. *Sánchez*, 79 P.R.R. 754, we stated that the statute grants to the Administrator ample power to enter refund orders in cases where the premises have been previously registered as well as in cases where the rent is reduced, including reimbursement to the tenant and, besides, the Administrator may act *motu proprio* or at the tenant's request. In the case we had also stated that an order of refund of the Administrator is not a prerequisite to an action for treble damages. It should be remembered that in the case of Vargas the tenant claimed treble damages and also the single reimbursement charged in excess by the landlord. We decided that the only cause of action which the tenant had, pursuant to § 205 of the Federal Rents Act of 1947 was that of treble damages with the limitation provision established by the statute itself, and that therefore his claim for single reimbursement did not lie. Whether or not this was so under our local rent Act, we left the question open in the *Peñagaricano* case, where we stated at p. 866: "It is advisable to note that we are not deciding now nor anticipating any judgment, which shall be left for the proper occasion,

as to whether or not under the provisions of paragraphs (*a*) and (*b*) of § 8 the tenant may claim judicially the simple reimbursement of the overcharges, or file the action for damages, whether or not he may claim the simple excess paid after the one-year limitation as a second cause of action, or whether, on the contrary, in case that the owner declines to return administratively, his sole relief is triple judicial reimbursement, but with the limitation provision."

█ Subsequently, in *Eisele* v. *Orcasitas*, 84 P.R.R. 347 (1962), we held that under our law the tenant has a cause of action to claim judicially the single reimbursement. On that occasion we stated the following:

"It is true that § 8 did not expressly provide that the tenant could initiate a judicial action to make the overcharge effective, if the landlord did not do so voluntarily, nor was any provision made with reference to statutory damages. Neither did the federal legislation contain a similar provision, and much less made any reference whatsoever to restitution or reimbursement. Nevertheless, we have seen how the aforesaid legislation was judicially interpreted to permit a judgment ordering the restitution of the overcharge paid as a means of enforcing the congressional policy.

"Unlike the federal law, our legislation expressly recognizes since the amendment of 1947, the right of a tenant to recover from his landlord the overcharge collected in violation of the law. He was granted this substantive right and the same should not be defeated because the lawmaker did not expressly state that he could appeal to a court of justice to enforce it. *Ubi jus ibi remedium.* We already stated in *Nadal* that the judicial action for treble damages is of a punitive nature, as a means for discouraging violations of the law by way of pecuniary punishment. But said action was limited to the overcharge paid during the year immediately preceding the filing of the complaint, as a means also of avoiding the unjust enrichment of the tenant by permitting for an indefinite length of time, the violation of the law. The right to recover merely what was taken from him in violation of the law cannot be in justice less doubtful nor be at greater disadvantage than the right, by way of penalty, to

obtain treble damages. Because the tenant loses his action for treble damages by way of prescription, as was determined by the court in this case, which is something most likely to happen in view of the complexity of the regulations and because it is not always acknowledged in time and with full clearness whether an overcharge was being paid, is no reason why he should not be able to enforce his right to recover what rightfully belongs to him, since he should have never paid it."

We also noted in the aforesaid case that a tenant should not obtain the reimbursement of that payment in excess which might serve him as basis for statutory liquidated treble damages.

At the present stage of the proceedings in the case at bar no judicial action has been taken to claim the single reimbursement or treble damages. We therefore ignore the action which the tenant or the Administrator will follow under the interpretation which we have given our law. There is nothing in the law which prevents the Administrator from requiring the landlord to reimburse the excess to the tenant once he has knowledge that the landlord is charging a rent in excess of the legal maximum. The request for reimbursement pursuant to the Reasonable Rents Act merely affects the term granted to the landlord to make the reimbursement before judicial claim is made. It is well known that the date of payment of the overcharge and not the date of the request determines the prescription of the action for treble damages. In truth, we fail to see how a second request for reimbursement can injure in any way the rights of the landlord, since, as we have already stated, the request grants a period of time to the landlord to make the reimbursement, which once made bars judicial claim for treble damages. At most, and without so deciding at present, the second request would perhaps have the effect of granting an additional period to the landlord to reimburse the excess payment charged the tenant. At least, the reasonable thing would seem to be that when the second request for reimbursement is made to

the landlord, he should have been granted the time provided by law to make the refund before judicial action is taken.

On the other hand, we can not agree with the argument of the landlord to the effect that the tenant was bound to litigate his cause of action within the deposit proceeding started by him in the District Court. The law grants a period of time to the landlord to make the reimbursement and that term may be extended only after the parties agree or if the Administrator authorizes, at the request of either party, that the reimbursement be made in the manner of future partial payments. Section 8(c) of the Act. Once the legal term has elapsed and the landlord has not made the reimbursement, and no agreement has been reached as to the aforesaid extension, the tenant, or the Administrator, as the case may be, is authorized to resort to the corresponding judicial action. This is the procedure prescribed by the Reasonable Rents Act and there should be no substantial deviation therefrom, such as the one followed by the landlord in this case and which consisted, not in reaching an agreement that the reimbursement be made in future partial payments, but in denying that he was bound to reimburse the sum charged in excess, offering the payment of $100, and at the rejection of said offer, depositing the aforesaid amount in the District Court, which deposit was made after the Administrator had set a hearing to determine whether or not the issuance of an order of reimbursement lay. The refund order issued by the Administrator was reviewable by the San Juan Part of the Superior Court of Puerto Rico, which was granted exclusive jurisdiction to intervene in said review. Section 7 of the Act (17 L.P.R.A. § 187). There is a probability that in the deposit proceeding filed by the landlord the question of the validity of the order of reimbursement issued by the Administrator be raised, and it is well known that such a collateral attack is prohibited. *Vargas* v. *Sánchez, supra. Cf. Eisele* v. *Orcasitas, supra.* Obviously the deposit proceeding

completely departed from the proceeding fixed in these cases by the Reasonable Rents Act.

The judgment rendered by the court sought to be reviewed is correct, inasmuch as it dismisses the petition for review filed by the landlord before said court; consequently, it shall be affirmed and the writ of certiorari issued will be quashed.